IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LUIS ENRIQUE JUAREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00169-O-BP |
| | § | |
| H & K STEEL ERECTORS | § | |
| ENTERPRISES, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Luis Enrique Juarez ("Juarez") sued H&K Steel Erectors Enterprises, LLC ("Steel Erectors"), H&K Steel Building, LLC ("Steel Building"), and Jason Soliz ("Soliz") (collectively "the Defendants") for failure to pay him overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). ECF No. 1. At Juarez's request (ECF No. 28), the Clerk of the Court entered Defendants' default on July 29, 2022. ECF No. 29. United States District Judge Reed O'Connor referred Juarez's Motions for Default Judgment (ECF Nos. 25, 28) and all related pleadings to the undersigned on August 3, 2022. ECF No. 30. On August 4, 2022, Juarez filed an additional Motion for Default Judgment. ECF No. 31. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** the Motion as to Soliz and Steel Erectors **without prejudice** and **GRANT** the Motion **in part and DENY it in part without prejudice** as to Steel Building.

**I.    BACKGROUND**

Defendants Steel Building and Steel Erectors employed Juarez from June 2019 to November 20, 2021. ECF No. 31-1 at 1. Soliz is the owner and in charge of both Steel Erectors

and Steel Building. *Id*. Juarez worked for the Defendants an average of 46.5 hours per week making $28.00 per hour. *Id*. at 2. Juarez alleges that he did not receive overtime wages for hours he worked in excess of 40 hours a week, in violation of the FLSA. *Id*. Instead, he received his regular salary for all of the overtime hours worked. *Id*. Because of the Defendants' conduct, Juarez alleges that he is entitled to actual and liquidated damages for the unpaid overtime wages, as set forth in the FLSA, plus attorney fees. *Id*. at 3.

Juarez filed suit on March 8, 2022. ECF No. 1. Juarez requested that summonses be issued for all of the Defendants, and most of the summonses were returned unexecuted. ECF Nos. 6-10, 14, 19-24. Only the summons and complaint served on Steel Building were returned executed. ECF No. 14. To date, Steel Building has not responded to Juarez's initial complaint or his Motion for Default Judgment.

## II.   LEGAL AUTHORITY

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. There are three stages to entry of default judgment. First, a default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co.* v. *Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* Fed. R. Civ. P. 55(a) (noting default occurs where the defendant "has failed to plead or otherwise defend" against the complaint). Second, the Clerk may enter a defendant's default if it is "established by affidavit or otherwise." *Brown*, 84 F.3d at 141 (citing Fed. R. Civ. P. 55(a)). Third, if the Clerk enters default, the plaintiff must apply for a default judgment from the Court. Fed. R. Civ. P. 55(b)(2). The Court may not enter default judgment against an individual in military service until an attorney is appointed to represent the defendant. 50 U.S.C. § 521.

However, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis* v. *Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Rather, courts retain ultimate discretion to grant or deny default judgments. *Lindsey* v. *Prive Corp*., 161 F.3d 886, 893 (5th Cir. 1998). The Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments," although this policy is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process . . . within the domain of the trial judge's discretion." *In re Chinese-Manufactured Drywall Prods. Liab. Litig*., 742 F.3d 576, 594 (5th Cir. 2014) (quoting *Rogers* v. *Hartford Life & Accident Ins. Co*., 167 F.3d 933, 936 (5th Cir. 1999)). Default judgment remains "a drastic remedy, not favored by the Federal Rules." *Sun Bank of Ocala* v. *Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); see also *U.S. for Use of M-Co Constr., Inc*. v. *Shipco General, Inc*., 814 F.2d 1011, 1014 (5th Cir. 1987) (calling default judgments "draconian").

Courts use a three-pronged analysis to determine if default judgment is appropriate. *J & J Sports Prods., Inc*. v. *Morelia Mex. Rest., Inc*., 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015). First, they ask if default judgment is procedurally warranted. *See Lindsey*, 161 F.3d at 893. Second, they analyze the substantive merits of the plaintiff's claims and determine if the pleadings establish a sufficient basis for default judgment. *Nishimatsu Constr. Co*. v. *Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Third, they determine what form of relief, if any, the plaintiff should receive. *Morelia*, 126 F. Supp. 3d at 813.

## III.     ANALYSIS

The Affidavit of James M. Dore establishes that Soliz is not an individual in military service and, therefore, the Court can evaluate, and potentially grant, default judgment against all of the Defendants pursuant to 50 U.S.C. § 521. *See* ECF No. 31-4.

### A. Juarez has not demonstrated that he properly served Steel Erectors and Soliz.

Service of process is a threshold issue in a default judgment proceeding. *See Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 412-14 (5th Cir. 1998). Juarez alleges that he is entitled to default judgement against Steel Erectors and Soliz because he served them with process, but they failed to appear or file an answer. ECF No. 31. However, "the party making service bears the burden to demonstrate that the service was valid." *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). A default judgment based on improper notice or service of process is "constitutionally infirm" and cannot stand. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988).

Under Rule 4(e), service is proper if the original complaint is delivered pursuant to federal or state law service of process rules. Fed. R. Civ. P. 4(e). The State of Texas allows a plaintiff to serve defendants by certified mail or, with the Court's authorization, by any other means that will be reasonably effective to give the defendant notice of the suit. Tex. R. Civ. P. 106. Judge O'Connor allowed Juarez to serve process on the Defendants through either certified or regular mail. ECF No. 15. Juarez alleges that he mailed the summons and complaint to both Soliz and Steel Erectors by certified and regular mail. ECF No. 25. Juarez has filed proof that he mailed the summons and complaint to both Soliz and Steel Erectors by certified mail. ECF Nos. 18, 19. However, Juarez's proof of service is inadequate.

Because Juarez chose certified mail as the method of service, Texas law requires that the return receipt be signed by the addressee. Tex. R. Civ. P. 107(c). Juarez has filed photographs of the certified mail envelopes and return receipts, but neither return receipt is signed by the addressee. ECF Nos. 18, 19**.** Therefore, Juarez has not demonstrated that service upon Soliz and Steel Erectors by certified mail was valid.

Juarez also alleges that he mailed Soliz and Steel Erectors the summonses and complaints by regular mail. ECF Nos. 25, 31. "Proof that a letter properly directed was placed in a [United States] post office mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed." *United States* v. *Ekong*, 518 F.3d 285, 287 (5th Cir. 2007). This presumption does not require the use of certified mail, but simply that a letter be properly addressed, stamped, and placed in the care of the United States Postal Service. *See Mulder v. Comm'r of Internal Revenue*, 855 F.2d 208, 212 (5th Cir. 1988); *see also Lyle Cashion Co. v. McKendrick*, 204 F.2d 609, 611 (5th Cir. 1953). The placement of a letter in the mail may be proven by a sworn statement or by circumstantial evidence such as the sender's customary mailing practice. *Ekong*, 518 F.3d at 287; *Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 420 (5th Cir. 2007).

Juarez has not offered evidence that he properly placed the summons and the complaint in a United States post office mail receptacle. He has not offered any receipts or provided any other circumstantial evidence that he mailed the summonses and complaint to the Defendants. All that Juarez has offered are the comments of his counsel in his Motion for Entry of Default against Defendants and his supplemental filings on his Motion for Default Judgment. ECF Nos. 25, 33.

Since *Ekong*, "sworn statements" accepted by the courts as proof of service have been affidavits. *See Faciane v. Sun Life Assurance Co. of Canada*, 931 F.3d 412, 421 (5th Cir. 2019) (holding that the Defendant's affidavit that standard mailing practices were followed was enough to create the presumption of receipt); *Gamel v. Grant Prideco, L.P.*, 625 F. App'x 690, 695 (5th Cir. 2015) (holding that the government established a presumption that the defendant received a letter by submitting the affidavit of the employee responsible for mailing the letter); and *United Student Aid Funds Inc. v. Muracombi Enterprises Inc.*, 330 F. App'x 453, 456 (5th Cir. 2009)

5

(holding that the combination of the plaintiff's affidavit and circumstantial evidence of customary practice was enough to trigger the presumption that the mailed material reached its destination and was received by addressee). Juarez has not presented similar evidence in support of service by regular mail on Steel Erectors and Soliz. The Court therefore finds insufficient evidence to prove that Juarez properly served them.

### B. Default Judgment against H& K Steel Building

Unless a company executes a waiver of service, a plaintiff must serve the company in one of two ways: (1) by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process, or (2) in accordance with the law of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(d)(1)(A)(ii); Fed. R. Civ. P. 4(h); Tex. Bus. Orgs. Code §§ 5.201(a) and 5.255(1). Juarez properly served Steel Building by delivering the summons to the corporation's registered agent, U.S. Corporate Agents. ECF Nos. 13-4 at 2, 14 at 3.

Because Steel Building never responded to Juarez's complaint or summons, Juarez requested that the Clerk enter Default, which she did. ECF Nos. 28, 29. Juarez now seeks a default judgment. To determine whether a default judgment is appropriate, the undersigned applies the three-pronged inquiry. *See Morelia*, 126 F. Supp. 3d at 813.

#### i. Default judgment is procedurally appropriate under *Lindsey*.

Under *Lindsey*, courts look to six factors to determine whether a default judgment is procedurally warranted. *See Lindsey*, 161 F.3d at 893. The Court will consider whether: (1) material issues of fact exist; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good faith mistake or excusable neglect; (5) default judgment would be too harsh; and (6) the court would be obliged to set aside the default

upon motion from the defendant. Id. All six of the *Lindsey* factors support the entry of default judgment against Steel Building.

No material issues of fact remain concerning Steel Building's failure to meet its FLSA obligations. Defendants have not filed any responsive pleadings, no material facts are in dispute, and the Court may take Juarez's pleadings as true. *See Id.*; *Nishimatsu*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). The first *Lindsey* factor favors default judgment.

Similarly, nothing in the record suggests any "substantial prejudice" to Steel Building that would undermine Juarez's entitlement to default judgment. *See Lindsey*, 161 F.3d at 893. Steel Building was properly served with the Complaint and given ample time and opportunity to respond in this matter. *See* ECF No 14. Therefore, *Lindsey's* second factor also favors default judgment.

The grounds for default in this case were clearly established, and nothing in the record indicates that Steel Building's default is due to a "good faith mistake or excusable neglect." *See Lindsey*, 161 F.3d at 893. Process was properly served and executed upon the Defendant on May 31, 2022. ECF No. 14. However, despite being afforded reasonable time to respond to Juarez's lawsuit, Steel Building has failed to respond or file any other pleadings explaining its unresponsiveness. Therefore, the third and fourth *Lindsey* factors favor default.

Additionally, default judgment against Steel Building would not be too harsh a remedy given its failure to respond to Juarez's Complaint. *See Lindsey*, 161 F.3d at 893; *see also Joe Hand Promotions, Inc. v. Tacos Bar & Grill, LLC*, No. 3:16-cv-01889-M, 2017 F.3d at 893, at *2 (N.D. Tex. Jan. 26, 2017) ("Entering default judgment against [Defendants], who have taken no action to respond to this action, is not 'harsh.'" (citing *Lindsey*, 161 F.3d at 893); *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp.*, No. 3-12-cv-4194-M, 2012 WL 1828671, at *3 (N.D.

7

Tex. May 1, 2012) ("[Defendant] has had over five months to answer or otherwise respond to Plaintiff's complaint, mitigating the harshness of a default."). Default judgment is proportionate to the Defendant's conduct. The fifth *Lindsey* factor favors default.

Finally, given the clear satisfaction of the first five factors, nothing indicates that the Court would "be obliged to set aside the default upon motion from the defendant." *See Lindsey*, 161 F.3d at 893; *see also Moreno v. LG Elecs.*, 800 F.3d 692, 698 (5th Cir. 2015) (noting district courts are not obliged to set aside a default where "the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense."). Accordingly, the *Lindsey* analysis reflects default judgment is proper here.

### ii. The pleadings establish a sufficient basis for default judgment.

If a default is procedurally warranted under *Lindsey*, courts will next analyze the substantive merits of the plaintiff's claims and ask if the pleadings establish a sufficient basis for default judgment. *Nishimatsu*, 515 F.2d at 1206. Pleadings are sufficient if they meet the requirements of Federal Rule of Civil Procedure Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015); *see* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Juarez's pleadings establish a sufficient basis to grant a default judgment against Steel Building. Juarez has alleged a violation of the FLSA. ECF No. 1 at 1. The FLSA requires employers to pay their employees a minimum wage per hour and provide compensation at "a rate not less than one and one-half times the regular rate at which he is employed" if such employee works in excess of forty hours per workweek. 29 U.S.C.A. §§ 206(a)(1), 207(a)(1). An employee seeking compensation for unpaid overtime must first demonstrate by a preponderance of the evidence: "(1) that there existed an employer-employee relationship during the unpaid overtime

periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

Juarez's Complaint sets forth that Juarez worked for Steel Building from June 2019 to November 20, 2021, as a sheet metal worker. ECF No. 1 at 3. His rate of pay was $28.00 per hour, and he worked 46.5 hours per week. *Id*. Additionally, he has alleged that since June 2019, Steel Building failed to pay him one and a half times his normal salary for all hours worked in excess of forty hours per week, as required by the FLSA. ECF No. 1 at 3. Instead, Steel Building continued to pay Juarez his base rate for the additional 6.5 hours he worked each week. ECF No. 1 at 3, 6-10.

As a result of Defendants' default, the Court takes the allegations contained in Plaintiff's Complaint as true, thereby establishing violations of the FLSA. Accordingly, the Court finds a sufficient basis for default judgement against Steel Building in Juarez's pleadings as it failed to pay Juarez overtime wages.

> **iii. The Court should deny without prejudice Juarez's request for unpaid overtime wages, liquidated damages, and attorney fees for lack of evidence supporting the amount requested.**

Finally, the Court must determine whether Juarez is entitled to the unpaid wages, liquidated damages, and attorney fees he seeks. Default judgments are judgments on the merits that conclusively establish a defendant's liability, but do not establish the amount of damages. *Shipco*, 814 F.2d at 1014. In awarding damages, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Juarez seeks relief in the form of unpaid overtime wages and liquidated damages pursuant to the FLSA, totaling

$22,932.00 in damages. ECF No, 1 at 4, ECF No. 31 at 1. Additionally, Juarez requests reasonable attorneys' fees and costs. *Id*.

Juarez is entitled to both his unpaid overtime wages and liquidated damages. A plaintiff is entitled to liquidated damages equal to the amount of unpaid wages for willful violations of the FLSA. 29 U.S.C. § 216(b). "Under the FLSA, a district court may not exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith." *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 928 (5th Cir. 1999). Because Steel Building did not meet its burden of showing good faith in failing to respond to Juarez's Complaint, Juarez is entitled to the full amount of liquidated damages.

However, regardless of Juarez's entitlement to damages, the Court cannot award them to him at the current time. Juarez has provided nothing to the court, other than a table he created and his own, short affidavit, to support his request. ECF no 31-2 at 3-7. He has failed to provide time sheets, pay stubs, work logs, or any other evidence to establish the length of his employment, hours worked, or how much he was paid. While the Court accepts and takes as true the allegations that Juarez has made against Steel Building, additional documentation is needed to support an award of damages in this FLSA case. *See Jimenez v. Rockwood Dev., L.L.C.*, No. 3:17-CV-3174-C, 2018 WL 11433003, at *4 (N.D. Tex. 2018) (holding that Plaintiff's own affidavits regarding unpaid overtime wages were insufficient to support award the requested damages); *Quinonez v. Alpha Air Conditioning, Heating & Elec., LLC*, No. 4:16-CV-01092-O, 2018 WL 11434598, at *4 (N.D. Tex. 2018) (plaintiff's affidavit included payment records from the employer to demonstrate that plaintiff had been denied overtime premium); *Gibbs v. Parr Mgmt., LLC*, No. 12–CV–474, 2013 WL 2355048, at *1 (N.D. Tex. 2013) (plaintiff produced an extremely detailed affidavit containing

dates and hours worked to support overtime claim); *Bell v. Able Sec. & Investigations, Inc.*, No. 10–CV–1945, 2011 WL 2550846, at *1 (N.D. Tex. 2011) (plaintiff produced timekeeping records in support of overtime claim).

Thus, given the lack of sufficient evidence to support Juarez's claim, the Court should not award Juarez the relief sought without the production of detailed affidavits and other supporting documentation to prove the extent of overtime pay due and owing to Juarez. Accordingly, the Court should require Juarez to file supplemental briefing from which the Court may discern the correct amount owed to Juarez.

Counsel's request for attorney's fees totaling $7,297.06 also should be held in abeyance pending the filing of Plaintiffs' supplemental briefing. Moreover, if counsel wishes to request additional attorneys' fees to account for the time and effort it may take to gather evidence for the supplemental briefing, counsel must state this request in the supplemental briefing.

## IV.     CONCLUSION

Because service of process is a prerequisite to a valid default judgment and the Court finds that service of process was defective as to Jason Soliz and H & K Erectors Enterprises, LLC, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** the Motion for Default Judgment as to those defendants **without prejudice** to the right of Juarez either to serve them properly or offer sufficient evidence of proper service on those defendants. The undersigned **RECOMMENDS** that Judge O'Connor **GRANT IN PART and DENY IN PART** the Motion against H&K Steel Building, LLC, granting default judgment, but denying Juarez's request for damages and attorney fees without prejudice to Juarez's right to offer sufficient evidence to prove his damages and attorney fees.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided be law. Any party who objects to any part of these finding, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C § 636(b)(1); Fed R. Civ, 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglas* v. *United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on November 3, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE