IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LUIS ENRIQUE JUAREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00169-O-BP |
| | § | |
| H & K STEEL ERECTORS | § | |
| ENTERPRISES, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 34), filed November 3, 2022; and Plaintiff's Objection (ECF No. 35), filed November 15, 2022.

Plaintiff raises three main objections to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, arguing: (1) Plaintiff properly served Defendants H & K Steel Erectors Enterprises, LLC and Jason Soliz with process;[1] (2) Plaintiff's Affidavit was sufficient evidence for the entry of monetary judgments against Defendants;[2] and (3) the request for attorney's fees and costs should no longer be held in abeyance.[3]

After reviewing all relevant matters of record in this case, the undersigned District Judge believes that the Findings and Conclusions of the Magistrate Judge are correct as to the issue of whether Plaintiff properly served Defendants H & K Steel Erectors Enterprises, LLC and Jason Soliz with process, and they are accepted as the Findings and Conclusions of the Court. The Court does, however, find merit to Plaintiff's remaining objections, which the Court addresses in turn.

---

[1] Obj. 3, ECF No. 35.
[2] *Id.* at 6.
[3] *Id.* at 9.

Turning to the issue of whether Plaintiff's Affidavit was sufficient evidence for the entry of monetary judgments against Defendant H & K Steel Building, the Magistrate Judge noted that Plaintiff is entitled to the full amount of liquidated damages but found that, at this time, such damages cannot be awarded as Plaintiff provided nothing to the Court, other than a table he created and his own affidavit to support his request.[4] The Magistrate Judge found that additional documentation, in the form of time sheets, pay stubs, work logs, etc., is needed to support an award of damages in this case.[5]

To support his Findings, the Magistrate Judge cited *Quinonez v. Alpha Air Conditioning, Heating & Elec., LLC*, No. 4:16-CV-01092-O, 2018 WL 11434598 (N.D. Tex. Mar. 26, 2018).[6] In *Quinonez*, there were nine Plaintiffs seeking actual and liquidated damages. *Id.* at *4–5. All the Plaintiffs provided sworn affidavits of what damages they were owed. *Id.* Only one of the Plaintiffs provided actual payment records to support their claim. *Id.* at *4. The undersigned District Judge granted the Plaintiffs' requests, even for those Plaintiffs who only provided affidavits. *Id.* at *5. The Court did not require further documentation beyond the Plaintiffs' sworn statements. Another case cited in the Findings and Conclusions was *Gibbs v. Parr Mgmt., LLC*, No. 12–CV–474, 2013 WL 2355048 (N.D. Tex. May 29, 2013), where again the district court awarded liquidated damages based on only the sworn declarations of the plaintiff where the plaintiff provided evidence of her hourly rate and the number of hours she worked overtime. *Id.* at *1. In *Bell v. Able Sec. & Investigations, Inc.*, No. 10–CV–1945, 2011 WL 2550846 (N.D. Tex. June 28, 2011), the plaintiff provided timekeeping records in support of her overtime claim, but the district court did not indicate that such evidence was required. *Id.* at *1–2.

---

[4] Findings, Conclusions, and Recommendation 10, ECF No. 34.
[5] *Id.*
[6] *Id.*

2

The Magistrate Judge also cited *Jimenez v. Rockwood Dev., L.L.C.*, No. 3:17-CV-3174-C, 2018 WL 11433003 (N.D. Tex. Sept. 19, 2018). The plaintiffs in *Jimenez*, like Plaintiff in this case, provided nothing other than their own affidavits to support their requests for damages. *Id.* at *4. The district court took issue with the fact the plaintiffs failed to provide time sheets, pay stubs, work logs, or any other evidence to provide proof as to their length of employment, hourly rate, or total hours worked. *Id.* Ultimately, the district court declined to award the plaintiffs their requested damages "absent further documentation." *Id.* The district court concluded more information was necessary because the affidavits submitted lacked appropriate detail. *Id*. at 4.

Accordingly, the question is whether Plaintiff's affidavit is sufficient. It is if it is detailed enough to support his damages request. "[A]ffidavits submitted to support a claim for liquid or mathematically calculable damages 'must be sufficiently detailed to establish necessary facts.'" *Quinonez.*, 2018 WL 11434598, at *2 (O'Connor, J.) (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). Looking at Plaintiff's Affidavit, he provides (1) the time span of his employment; (2) the hours he worked each week; (3) his hourly salary; and (4) his statement that he was not paid overtime wages (1.5 times his regular rate of pay) for the overtime hours he worked each week.[7] He provides a table detailing the breakdown of what unpaid wages he is owed under the FLSA, which amounts to $11,466.00.[8] Comparing Plaintiff's Affidavit to the affidavits of the plaintiffs in *Quinonez*, Plaintiff provides just as much information as was provided by the plaintiffs in that case. *See* Plaintiffs' Affidavits, *Quinonez v. Alpha Air Conditioning, Heating & Elec., LLC*, No. 4:16-CV-01092-O (N.D. Tex. 2018), ECF Nos. 60-1, 60-3–11. As all but one of the plaintiffs in *Quinonez* filed solely an affidavit to support their claim for damages and the undersigned District Judge granted plaintiffs' damages requests, the Court similarly finds

---

[7] Pl. Affidavit, ECF No. 31-1.
[8] *Id.*

Plaintiff's request for damages should be granted in this case where Plaintiff's Affidavit is equally detailed.

Accordingly, as the Court finds that Plaintiff's Affidavit is sufficient evidence to support Plaintiff's claim for damages, the Court finds that Plaintiff's claimed damages need not be held in abeyance. Plaintiff claims $11,466.00 in unpaid wages under the FLSA and a further $11,466.00 in liquidated damages under the FLSA. Furthermore, Plaintiff claims $7,297.06 in attorney's fees. The Magistrate Judge recommended that the attorney's fees also be held in abeyance but did not comment on the sufficiency of the affidavit of Plaintiff's counsel. The Court finds that Plaintiff's counsel's affidavit is sufficient evidence to support Plaintiff's claim of attorney's fees, after considering the pertinent factors. Therefore, the Court finds that Plaintiff should be awarded the full amount of $30,229.06 plus any supplemental attorney's fees incurred after the filing of Plaintiff's Motion for Default Judgment on August 4, 2022. Plaintiff is **ORDERED** to provide documentation of any further attorney's fees on or before **March 31, 2023**.

In conclusion, the Court accepts the Findings and Conclusions of the Magistrate Judge **in part**. Accordingly, it is **ORDERED** that the Motion for Default Judgment (ECF No. 25) is **DENIED** without prejudice as to Defendants Jason Soliz and H & K Steel Erectors, LLC and **GRANTED** as to Defendant H & K Steel Building, LLC.

SO **ORDERED** on this **23rd day** of **March, 2023**.

_Reed O'Connor_
UNITED STATES DISTRICT JUDGE