IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LUIS ENRIQUE JUAREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00169-O-BP |
| | § | |
| H & K STEEL ERECTORS | § | |
| ENTERPRISES, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff's Motion for Attorney Fees (ECF No. 37), filed March 31, 2023. The Motion is hereby **GRANTED**.

The Court previously granted Plaintiff's Motion for Default Judgment (ECF No. 31). In the Order, the Court determined that Plaintiff was entitled to the $7,297.06 he claimed in attorney fees. *Id.* at 4. The Court further ordered Plaintiff to provide documentation of supplemental attorney fees, for fees incurred after the filing of Plaintiff's Motion for Default Judgment. *See* Order, ECF No. 36. Plaintiff provided this motion for supplemental attorney fees on March 31, 2023. *See* Mot., ECF No. 37.

To determine the propriety of an award of attorneys' fees, district courts follow a two-step process. *Alexander v. City of Jackson Miss.*, 456 F. App'x 397, 399–400 (5th Cir. 2011) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). At step one, the court makes its "lodestar" calculation in which it determines the reasonable number of hours expended on the litigation and the reasonable hourly rate to be charged and multiplies the hours expended by the hourly rate. *Id.* In determining the reasonable hours expended, courts may accept the attorneys' adequately documented billing records but must exclude any time deemed excessive, duplicative, or inadequately descriptive. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). At step two, the

court exercises its broad discretion to determine whether the lodestar should be adjusted upward or downward, taking into consideration the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th 1974). *See Alexander*, 456 F. App'x at 399–400. Those factors include:

> (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney by acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F.2d at 718.

Though the district court has broad discretion to weigh these factors, "[t]he lodestar may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Importantly, there is a strong presumption that the requested lodestar amount is reasonable, meaning it should only be modified if exceptional circumstances warrant an adjustment. *Watkins*, 7 F.3d at 457.

Plaintiff's counsel claims he spend 6.10 hours litigating this case since filing the Motion for Default Judgment. *See* Mot. 2, ECF No. 37. The Court finds these hours to be reasonable. Plaintiff's counsel charged $400 per hour. *Id.* The Court finds this rate to be reasonable. Therefore, the lodestar amount totals $2,440. Plaintiff does not contend that the lodestar amount should be adjusted upwards or downwards. The Court finds that a reduction or enhancement is not called for. Therefore, the Court awards Plaintiff supplemental attorney fees in the amount of $2,440. When added to the $7,297.06 determined reasonable in the Court's prior Order, Plaintiff's total attorney fees award is $9,737.06.

**SO ORDERED** on this **26th day** of **June, 2023**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

2